IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carolyn Perkins, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 7020 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, and Blatt, Hasenmiller, Leibsker & Moore, LLC, an Illinois limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Carolyn Perkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Carolyn Perkins ("Perkins"), is a citizen of the State of Arizona, from whom Defendant attempted to collect a delinquent consumer debt she allegedly owed for a Juniper Bank credit card.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts business in Illinois.

6. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

7. Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), is an Illinois limited liability company and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Perkins.

8. Defendant BHLM is licensed to conduct business in Illinois, maintains a registered agent here and is headquartered here, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, BHLM conducts business in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Perkins is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to Juniper. At some point in time after that debt became delinquent, it was purchased by Defendant PRA. Through Defendant BHLM, it filed a lawsuit against Ms. Perkins on June 25, 2010, in a matter styled <u>Portfolio Recovery Associates, LLC v. Carolyn J. Perkins</u>, No. 20101158744, in the Circuit Court of Cook County, Illinois. A copy the collection lawsuit is attached as Exhibit <u>D</u>.

10. Although Ms. Perkins is represented as to her debts by the legal aid attorneys at LASPD in Chicago, Illinois, she has never resided in Illinois, including Cook County where the lawsuit was filed.

11. Oddly, the lawsuit was served via "corporate service' on Ms. Perkins at the offices of her legal aid attorneys at LASPD, at 205 W. Monroe, Chicago, Illinois, which, based upon their extensive past dealings with LASPD, both Defendants knew, or should have known, was the business address for LASPD, not the residence of Ms. Perkins. A copy of the return of service is attached as Exhibit <u>E</u>.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692i Of The FDCPA --**
**Filing A Lawsuit In The Wrong Venue**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692i of the FDCPA requires that debt collectors file suit only in the judicial where the consumer "signed the contract sued upon" or "where the consumer resides at the commencement of the action". 15 U.S. C. § 1692i(a)(2)

16. Ms. Perkins has never lived in Illinois and, therefore, by filing suit against her in Cook County, Illinois, defendants violated § 1692i of the FDCPA.

17. Defendants' violation of § 1692i of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive or Misleading Statements**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e.

20. Defendants, by falsely telling the Court that they had obtained service on Ms. Perkins in Cook County, Illinois, made a false statement, in violation of § 1692e of the FDCPA.

21. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA –
### Unfair And Unconscionable Collection Practices

22.    Plaintiff adopts and realleges ¶¶ 1-13.

23.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, see, 15 U.S.C. § 1692f.

24.    Defendant, by bringing a lawsuit against Ms. Perkins in Cook County, Illinois, where she has never lived, used unfair and unconscionable means to collect the debt from Ms. Perkins , in violation of § 1692f of the FDCPA.

25.    Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Carolyn Perkins, prays that this Court:

1.    Find that Defendants' debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Perkins, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Carolyn Perkins, demands trial by jury.

                         Carolyn Perkins,

                         By: /s/ David J. Philipps
                         One of Plaintiff's Attorneys

Dated: November 1, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com